IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. WOOD #730-205
NOBLE CORR. INST.
15708 MC CONNELSVILLE RD.
CALDWELL, OHIO 43724

    Plaintiff,

v.

SERGEANT EUBANKS, CHAD
DEPUTY TROUTMAN, JR., MARIO
DEPUTY STEIGER, CHERISH
DEPUTY YATES, MATTHEW
DEPUTY SHAW, JACOB
DEPUTY JOHNSON, JOSEPH; OF

THE CLARK COUNTY
SHERIFFS DEPARTMENT,
120 North Fountain Avenue,
Springfield, Ohio 45502-1119,

    Defendants,

CASE NO. 3:18 cv 168

THOMAS M. ROSE

SHARON L. OVINGTON

[CIVIL RIGHTS COMPLAINT]

---

PLAINTIFF, MICHAEL A. WOOD, 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
AND/OR BIVENS v SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU
OF NARCOTICS, 456 F.2D 1339 (1972)

---

Now comes the Plaintiff, Michael A. Wood, pro se, pursuant to 42 U.S.C. § 1983 and *Bivens, v Six Unknown Named Agents of Federal Bureau of Narcotics*, 456 F. 2d 1339 (1972), who brings forth the instant claims that law enforcement, specifically the above captioned named Defendants, intentionally violated Plaintiff's U.S. Constitutional Rights, Due Process Right

under the Fourth, Fifth, Fourteenth Amendments, and conspiracy under *Bivens*, with Dean Blair to violate Plaintiff's First Amendment right to Freedom of Speech, to unlawfully detain, unlawfully restrain and held plaintiff under detention for the prolonged period of time of seven-nine (7-9) hours and charged Plaintiff with Disorderly Conduct and Obstructing Official Business, thus intentionally inflicting physical, mental and emotional distress.

## A. JURISDICTION AND VENUE

1. 28 U.S.C. § 1331 vests district courts with original jurisdiction over all civil actions arising under the Constitution, Laws or Treaties of the United Sates. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, 1988 and 28 U.S.C. § 1331.

2. Venue is proper in this district as Defendants are Employees of the Clark County Sheriff's Department, Springfield, Ohio, and all of the acts complained of occurred within the Southern District, Western Division of Ohio.

3. Plaintiff's cause of action arose in Clark County, Springfield, Ohio.

### 1. PARTIES

4. Plaintiff, Michael A. Wood, is a resident and citizen of New Carlisle, Clark County, Ohio.

5. All of the Defendants named in this civil complaint are natural persons and law enforcement agents of the State of Ohio.

6. All of the Defendants named in this civil complaint were, at all relevant times discussed herein, law enforcement officers employed by the Clark County Sheriff's Department, a State governmental agency operated by the County of Clark, Ohio.

7. At all times material to this complaint, Defendants were acting within the scope of their duties as law enforcement officers and under the Color of State of Ohio law.

8. All Defendants are being sued in their individual (Personal) capacity while acting under the Color of State of Ohio law.

9. All Defendants were collectively, without privilege to do so, involved in a conspired plan of action intended to interfere with the civil rights of the Plaintiff resulting in the violation of those rights.

10. All Defendants did collectively, without privilege to do so, unlawfully detain and prevent the movement of Plaintiff on public or private property, depriving Plaintiff of his liberty by surrounding him with law enforcement bodies, used as an obstruction so as to interfere with his civil rights to move freely.

11. All Defendants did collectively, without privilege to do so, unlawfully detain and unlawfully restrain Plaintiff with handcuffs preventing Plaintiff from leaving the Clark County Fair Grounds, Springfield, Ohio, on his own accord.

12. All Defendants are responsible for, without privilege to do so, the lengthy, unlawful detention of Plaintiff at the Clark County Fairgrounds and in the Clark County Jail.

13. All Defendants did conspire with each other to violate Plaintiff's right to freedom of free speech.

## B. STATEMENT OF THE CASE AND FACTS

14. The Plaintiff, (hereinafter Mr. Wood), was engaged twice by State Agents employed by the Clark County Sheriff's Department on July 29, 2016, at the Clark County Fairgrounds, in Springfield, Ohio.

15. Mr. Wood entered the Clark County Fairgrounds the morning of July 29, 2016 at approxamently 10:30 a.m., after paying the required entrance fee. He was wearing a back pack, a t-shirt which he had altered with lettering to read "FUCK THE POLICE" on the front and was recording people, exhibits, games and other activities on his cell phone throughout the day. At or around 12:00 p.m. Mr. Wood purchased sandwiches for a 12 man group of jail inmates participating in the, P.R.I.D.E, community service work release program. Mr. Wood spoke with

the program supervisors, Deputies George Bennett and Brad Tillman. Deputy Bennett commented on the shirt briefly, but the interaction did not escalate.

16. The first engagement by law enforcement personal occurred at a loading ramp located by the track and grandstand, by Deputy Shaw. See EXHIBIT I, (A). Shortly after the initiation of consensual conversation between Deputy Shaw and Mr. Wood, Deputies Yates and Troutman approached on a golf cart and interrupted. The remaining Defendants named in this action were seated on other golf carts, at a distance, surrounding Mr. Wood. Mr. Wood asked Deputies Yates and Troutman to identify themselves; they were compliant and then asked Mr. Wood to identify himself. Mr. Wood informed both deputies that he was not obligated to identify himself; to which statement Deputy Yates confirmed, *"We know who you are."* At this time Mr. Wood's data capacity on his cell phone was full and he was unable to continue recording.

17. Clark County Fair Board member, Dean Blair, advised the Defendants, "due to Mr. Wood's [constitutionally protected] conduct, Dean Blair wanted Mr. Wood to leave the public event."

18. After the first engagement by law enforcement, Mr. Wood was followed by an unidentified male civilian, 6'-6'2", 180-200 lbs., in his late fifties, with short gray hair and short gray facial hair, wearing a florescent green Maine's Towing and Recovery t-shirt that was turned inside out, helping the deputies track him. Mr. Wood did not realize that he was being stalked until he witnessed the man return a hand held police radio to an unidentified deputy located at the end of the Youth Building.

19. Mr. Wood was then surrounded and detained by all of the Defendants named in this action, half coming from one end of the Youth Building, half from the other and led by Sergeant Eubanks; all participating in the obstruction and prevention of Mr. Wood's movement with intent to intimidate him and allow Fair Board member, Dean Blair, to engage Mr. Wood in a challenging manner. See EXHIBIT I, (B). All of the named Defendants are responsible for facilitating the initiation and continuation of incitement and provocation of Mr. Wood by Dean Blair.

20. Dean Blair walked almost the entire length of the Youth Building at a hasty pace and in an aggressive manner. While at several meters distance from Mr. Wood, still encircled by all of the named defendants, Dean Blair began pointing at Mr. Wood and yelling, *"Where is this shirt?!" "I want to see this shirt!" "This is my house, you're not welcome here!" "This is my house!"* Mr. Wood agreed to leave after he received a refund for the cost of entrance onto the public property for the public event. Mr. Blair was literally, visibly shaking as he sorted through the paper currency in his wallet. However, the refunding of Mr. Wood's money did not discontinue the taunting and provocation directed towards him by Mr. Blair and the Defendants.

21. Deputy Troutman, while standing behind Mr. Wood after the transfer of money, pushed Mr. Wood on the back of his right shoulder propelling his body forward towards a large garage door opening. Once outside, the unpleasant interaction initiated by Mr. Blair continued. Dean Blair continued to belittle Plaintiff about the t-shirt Plaintiff had worn onto the fair grounds as they moved toward the direction of the back exit gate. See EXHIBIT I, (D). Deputies were flanking the outside of Dean Blair and Mr. Wood and surrounding them from behind until Mr. Wood's

wrists were restrained behind his back with handcuffs and he was again detained on the order of Dean Blair. See EXHIBIT I, (C). Mr. Wood was escorted to the Sheriff's Post on the fairgrounds where his back pack and person was illegally searched and his t-shirt he wore onto the fairgrounds was stolen. This was all observed by many people, as the roadways were highly congested.

22. Mr. Wood, while detained in custody, was transported to the Clark County Jail, booked in, held under detention and charged with disorderly conduct and obstruction of official business. See EXHIBIT II, (NARRATIVE) and EXHIBIT III. Bond was set and bail was eventually posted. Mr. Wood was released the next morning.

23. Mr. Wood was unable to receive or afford legal representation for defense against these charges, so he got on Google and was able to gain the information necessary to defend himself.

24. On September 7, 2016, at a pretrial meeting the Prosecutor, Mark Ross, offered to dismiss obstruction of official business and amend disorderly conduct to what it should have been, a minor misdemeanor. See EXHIBIT IV. However, Mr. Wood rejected his offer because he was guilty of neither charge. Mr. Wood's speech was provoked and did not rise to the level of "fighting words." And Mr. Wood was inappropriately, maliciously charged with obstruction of official business because failing or refusing to identify himself after arrest was not an affirmative act and did not obstruct lawful duties. The Defendants knew Mr. Wood's identity.

25. Mr. Wood filed two separate complaints with the Sheriff's Department prior to the charges being dismissed. See EXHIBIT V. These charges were dismissed on October 12, 2016, allegedly because the "State was unable to locate necessary lay witnesses to the incident in time for trial." See EXHIBIT VI. Mr. Ross could have called all of the Defendants named in this action, including Dean Blair. The Prosecutor, Mr. Ross, knew that Mr. Wood's rights had been violated and did not want to waste time and money only to loose the case after a vindictive prosecution.

26. Every Agent of the State listed in this action is guilty of conspiracy, complicity, unlawful restraint, unlawful detention, and with intentionally inflicting emotional distress due to the extreme and outrageous character of the Defendant's conduct.

### C. COUNT I: Claim under 42 U.S.C. § 1983 (AGAINST ALL INDIVIDUAL DEFENDANTS)

27. Plaintiff incorporates paragraphs 1-26 as though fully set forth herein.

28. On July 29, 2016, all of the Defendants, without privilege to do so, collectively acted under Color of State Authority or Law.

29. On July 29, 2016, all of the Defendants were State actors acting on their rolls as Sergeant and Sheriff's Deputies for the Clark County Sheriff's Department when these actors unlawfully deprived the Plaintiff of his freedoms, liberties and rights to be unmolested by Government Agents.

30. The Defendants' conduct deprived Plaintiff of rights, privileges and immunities secured by the Constitution or laws of the United States.

31. As a result of the Defendants' conduct, Plaintiff sustained injury, loss and harm inflicted by the Defendants named in this action.

32. The Defendants are not entitled to qualified immunity. Plaintiff seeks punitive and compensatory redress in the amount of $100,000.00 per Defendant, for the sum of $600,000.00

### D. COUNT II: CLAIM UNDER 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT AND/OR BIVENS v SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS, 456 F.2D 1339 (1972) (AGAINST ALL INDIVIDUAL DEFENDANTS)

33. Plaintiff incorporates paragraphs 1-32 as though fully set forth herein.

34. On July 29, 2016 all Defendants, without privilege to do so, conspired with Fair Board member, Dean Blair, to engage Plaintiff in a challenging manner, violate Plaintiff's in violation of the Fifth Amendment, First Amendment Right to Freedom of Speech and Fourteenth Amendment to Due Process.

35. On July 29, 2016 all Defendants, without privilege to do so, surrounded Plaintiff on public or private property, unlawfully detained Plaintiff in violation of the Fifth Amendment, and allowed the initiation of a challenging confrontation by Fair Board member, Dean Blair, to view a t-shirt

Plaintiff had wore onto the fair grounds that bore the lettering "FUCK THE POLICE", thus conspiring to violate Plaintiff's First Amendment Right to Freedom of Speech and Fourteenth Amendment to Due Process.

36. Plaintiffl's use of the "f-word" was protected speech under First Amendment.

37. On July 29, 2016 all Defendants, without privilege to do so, are responsible for the unlawful restraint in violation of the Fifth Amendment, of Plaintiff's arms, at the wrist, with handcuffs to violate Plaintiff's First Amendment Right to Freedom of Speech and Fourteenth Amendment to Due Process.

38. All Defendants named in this action are responsible for Plaintiff's continued unlawful detention in the Clark County Jail which did complete the conspiracy.

39. The conduct of all of the Defendants named in this action inflicted injury loss and harm upon Plaintiff and deprived Plaintiff of rights, privileges and immunities secured by the Constitution and Laws of the United States.

40. The Defendants are not entitled to qualified immunity. Accordingly, due to the unlawful result of the Defendants unlawful conduct in their official capacity, Plaintiff seeks punitive and compensatory redress in the amount of $100,000.00 per Defendant, for the sum of $600,000.00.

### E. COUNT III: Claim under 42 U.S.C. § 1983 FOR CIVIL CONSPIRACY (AGAINST ALL INDIVIDUAL DEFENDANTS)

41. Plaintiff incorporates paragraphs 1-40 as though fully set forth herein.

42. Clark County Fair Board member, Dean Blair, advised the Defendants that "due to the [constitutionally protected] actions of Plaintiff, Dean Blair wanted Plaintiff to leave the fair."

43. The individual Defendants, without privilege to do so, each agreed to participate in obstructing and preventing Plaintiff's movement on the Clark County Fairgrounds, perpetrating disorderly conduct to facilitate disorderly conduct and violation of rights.

44. The link between the "private party," Fair Board member, Dean Blair, and the State, all Defendants named in this action, was direct and substantial.

45. The Defendants' subsequent conduct inflicted injury loss and harm upon Plaintiff and deprived Plaintiff of rights, privileges, and immunities secured by the Constitution or laws of the United States.

46. The Defendants are not entitled to qualified immunity. Accordingly, due to the unlawful result of the Defendants unlawful conduct in their official capacity, Plaintiff seeks punitive and compensatory redress in the amount of $100,000.00 per Defendant, for the sum of $600,000.00.

## F. COUNT IV: Claim under 42 U.S.C. § 1983 FOR RETALIATION IN VIOLATION OF FIRST AMENDMENT (AGAINST ALL INDIVIDUAL DEFENDANTS)

47. Plaintiff incorporates paragraphs 1-46 as though fully set forth herein.

48. Defendants conspired with Dean Blair to unlawfully detained Plaintiff in violation of the Fifth Amendment to allow Dean Blair to view and confiscate Plaintiff's T-Shirt that bore the lettering "FUCK THE POLICE" in violations of Plaintiffs First Amendment Right to Free Speech and Fourteenth Amendment to Due Process.

49. Defendants unlawfully conspired with Dean Blair to place Plaintiff under unlawful detention in the Clark County Jail to confiscate Plaintiffs t-shirt that bore the lettering "FUCK THE POLICE" in violations of Plaintiffs First Amendment Right to Free Speech and Fourteenth Amendment to Due Process.

50. On July 29, 2016 all Defendants' subsequent conduct inflicted injury loss and harm upon Plaintiff and deprived Plaintiff of rights, privileges, and immunities secured by the Constitution or laws of the United States.

51. The Defendants are not entitled to qualified immunity. Accordingly, due to the unlawful conduct of the Defendants in their official capacity, Plaintiff seeks punitive and compensatory redress in the amount of $100,000.00 per Defendant, for the sum of $600,000.00.

### G. COUNT V: Claim under 42 U.S.C. § 1983 FOR UNLAWFUL RESTRAINT (AGAINST ALL INDIVIDUAL DEFENDANTS)

52. Plaintiff incorporates paragraphs 1-51 as though fully set forth herein.

53. On July 29, 2016 all Defendants, without privilege to do so, allowed Dean Blair to continue engaging and provoking Plaintiff, even after Plaintiff agreed to leave the fairgrounds.

54. On July 29, 2016 all Defendants, without privilege to do so, were responsible for the unlawful restraint in violation of the Fifth Amendment, of Plaintiff's arms behind Plaintiff's back with handcuffs, on the order of Dean Blair, causing pain, suffering, bruising, and swelling around both wrists and nerve damage in violation of the Fourteenth Amendment to Due Process.

55. The Defendants' conduct inflicted injury loss and harm upon Plaintiff and deprived Plaintiff of rights, privileges, and immunities secured by the Constitution or laws of the United States.

56. The Defendants are not entitled to qualified immunity. As a result of the Defendants' unlawful conduct, Plaintiff seeks punitive and compensatory redress in the amount of $100,000.00 per Defendant, for the sum of $600,000.00.

### H. COUNT VI: Claim under 42 U.S.C. § 1983 FOR UNLAWFUL DETENTION (AGAINST ALL INDIVIDUAL DEFENDANTS)

57. Plaintiff incorporates paragraphs 1-56 as though fully set forth herein.

58. The individual Defendants are each responsible for the unlawful detention of Plaintiff in violation of the Fifth Amendment, on July 29, 2016 at the Clark County Fairgrounds and in the Clark County Jail.

59. The Defendants' conduct inflicted injury loss and harm upon Plaintiff and deprived Plaintiff of rights, privileges, and immunities secured by the Constitution or laws of the United States.

60. The Defendants are not entitled to qualified immunity. As a result of the Defendants' unlawful conduct, Plaintiff seeks punitive and compensatory redress in the amount of $100,000.00 per Defendant, for the sum of $600,000.00.

## I. COUNT VII: Claim under 42 U.S.C. § 1983 FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALL INDIVIDUAL DEFENDANTS)

61. Plaintiff incorporates paragraphs 1-60 as though fully set forth herein.

62. The individual Defendants each acted collectively to perpetrate all stated acts under Color of State Authority or Law.

63. All Defendants knew or should have known their conduct was beyond the lawful realm.

64. The extreme and outrageous character of the Defendants' [mis]conduct is in itself important evidence that physical, mental and emotional stress, distress and anguish has existed.

65. The Defendants' conduct inflicted injury loss and harm upon Plaintiff and deprived Plaintiff of rights, privileges, and immunities secured by the Constitution or laws of the United States.

66. The Defendants are not entitled to qualified immunity. As a result of the Defendants' unlawful conduct, Plaintiff seeks punitive and compensatory redress in the amount of $100,000.00 per Defendant, for the sum of $600,000.00.

## REQUEST FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C.S. § 1983

67. Plaintiff requests attorney's fees to be awarded to the extent that they are deemed a prevailing party in this action.

## JURY TRIAL DEMAND

68. Plaintiff hereby demands a trial by jury on all counts so triable.

RESPECTFULLY SUBMITTED,

Michael A. Wood
15708 Mc Connelsville Road
Caldwell, Ohio 43724