# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL A. WOOD, | : | Case No. 3:18-cv-168 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| CHAD EUBANKS, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Plaintiff Michael A. Wood brings this case *pro se* against Defendants Chad Eubanks, Mario Troutman, Cherish Steiger, Matthew Yakes, Jacob Shaw, and Joseph Johnson alleging under 42 U.S.C. § 1983 and *Bivens*[1] that they violated his Constitutional rights, including his First Amendment, Fifth Amendment, and Fourteenth Amendment rights. This case is before the Court upon Plaintiff's Motion for Appointment of Counsel (Doc. #20), Plaintiff's Motion to Depose Defendants (Doc. #21), Defendants' Response (Doc. #24), and Plaintiff's Motions for Leave to Supplement Complaint (Doc. #s 25-26).

This Court denied Plaintiff's first Motion to Appoint Counsel. (Doc. #s 8, 11). He now renews his Motion. (Doc. #20). However, the circumstances have not changed. As previously explained, the Constitution does not require the appointment of counsel for indigent plaintiffs in cases such as this; Congress has not provided funds with which to

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

compensate attorneys who might agree to represent those plaintiffs; and there are not enough attorneys who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint an attorney for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #20) is DENIED.[2]

Plaintiff seeks leave to depose Defendants Chad Eubanks, Mario Troutman, Jr., Cherish Steiger, Matthew Yates, Jacob Shaw, and Joseph Johnson. (Doc. #21). Defendants correctly observe that the Federal Rules of Civil Procedure do not require leave of court to depose opposing parties. Fed. R. Civ. P. 30 (a)(2)(B) requires a party to seek leave of court if the deponent is confined in prison. Defendants are not incarcerated and therefore, Plaintiff does not need leave of the Court to depose them. Accordingly, Plaintiff's Motion for Leave to Depose Defendants (Doc. #21) is DENIED as moot.

To the extent Plaintiff is asking the Court to pay for the costs associated with those depositions, "'this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).'" *Shoucair v. Snacker*, No. 05-40341, 2009 WL 482689, *1 (E.D. Mich. Feb. 25, 2009) (quoting *Coates v. Kafczynski*, No. 2:05-cv-3, 2006 WL

---

[2] Legal Aid of Western Ohio and the Greater Dayton Volunteer Lawyers Project provide legal assistance in civil matters to eligible low-income individuals. *See Legal Aid Line*, Legal Aid of Western Ohio, Inc., https://legalaidline.lawolaw.org/ (last visited July 23, 2019) (applications accepted online, over the phone (888-534-1432), or in person at any Legal Aid of Western Ohio office).

416244, *2-3 (W.D. Mich. 2006)) (citing *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States,* 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition.")) (other citations omitted). However, there are several alternatives Plaintiff may consider. "In some cases, prison officials have offered a deposition by telephone, so long as Plaintiff can first demonstrate his ability to pay the fees associated with conducting telephonic depositions." *Dearing v. Mahalma*, No. 1:11-CV-204, 2012 WL 524438, *2 (S.D. Ohio Feb. 16, 2012) (Bowman, M.J.) (citing *Brown v. Carr,* 236 F.R.D. 311 (S.D. Tex. 2006) (state prisoner proceeding *in forma pauperis* in § 1983 action against prison officials required to pay fees associated with conducting telephonic depositions of officials)). "If Plaintiff cannot afford to take the depositions of Defendants via telephone, he may take the depositions upon written questions, *see* Rule 31. Alternatively, he may simply serve Defendants with interrogatories under Rule 33 …." *Id.*

Last, Plaintiff seeks leave to supplement his Complaint to assert additional claims against all Defendants. (Doc. #s 25-26). Defendants have not filed a response to Plaintiff's Motions and the deadlines for doing so have expired. Accordingly, Plaintiff's Motions for Leave to Supplement Complaint (Doc. #s 25-26) are GRANTED. Plaintiff shall file his amended complaint on or before August 2, 2019.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for Appointment of Counsel (Doc. #20) is DENIED;

2. Plaintiff's Motion for Leave to Depose Defendants (Doc. #21) is DENIED; and

3. Plaintiff's Motions for Leave to Supplement Complaint (Doc. #s 25-26) are GRANTED.

July 23, 2019 *s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge